## Case No. 15,638.

UNITED STATES v. LUKINS.

[1 Chit. Cr. Law, 770, note.]

Circuit Court, D. Pennsylvania. 1841.

CRIMINAL LAW—PARDON.

[Defendant was sentenced "to six months imprisonment, to pay a fine of $150, and the costs of prosecution." The president granted a pardon reciting that defendant was sentenced "to pay a pecuniary fine to the United States and to stand committed until the fine and costs be fully satisfied." The pardon then stated that the president "remits the fine aforesaid, hereby ruling and requiring" that defendant, "on payment of the costs of prosecution, be forthwith discharged from imprisonment." At the foot of the record of conviction which had been transmitted to the president was written by him, "Let the fine be remitted on payment of costs." *Held,* that the pardon extended only to a remission of the fine, and the president had no power to order the prisoner discharged from the rest of the sentence.]

The defendant [Nathan Lukins] was convicted and sentenced "to six months imprisonment, to pay a fine of one hundred and fifty dollars, and the costs of prosecution." A motion was made to discharge him, the president of the United States having granted a pardon, reciting "that Nathan Lukins was confined in the gaol of Philadelphia under sentence of the circuit court of the United States, whereby he was bound to pay a pecuniary fine to the United States, and to stand committed until the fine and costs should be fully satisfied." The pardon proceeds to state that the president "remits the fine aforesaid; hereby ruling and requiring that Nathan Lukins, on payment of the costs of prosecution, be forthwith discharged from imprisonment." At the foot of the record of conviction, which had been transmitted to the executive, was written by the president, "Let the fine be remitted on payment of costs."

BY THE COURT. The intention of the president is manifest. It was to remit the fine only. The fine only being pardoned, the president cannot order the prisoner to be discharged from the residue of the sentence. If he pardons generally, remission of fine and discharge follow, of course. But if the pardon apply only to the fine, an order to discharge from imprisonment will not justify the marshal in discharging the prisoner.

The motion was overruled, and during the session of the court the president granted a general pardon. U. S. v. Lukins [Case No. 15,639].

The pardon of a person convicted of forgery, and sentenced to the state prison for life, contained a proviso that nothing in the pardon should be construed so as to relieve the convict of and from the legal disabilities to him from the conviction, sentence, and imprisonment, other than the said imprisonment. It was held that the proviso was repugnant to the pardon itself, and must be rejected, and the party be freed from all legal disabilities. People v. Pease, 3 Johns. Cas. 333, in error. See State v. McCarty, 1 Bay, 334.